**KAZEROUNI LAW GROUP A.P.C.**
Ross H. Schmierer, Esq. (RS-7215)
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(856) 259-4800
ross@kazlg.com

**LAW OFFICES OF TODD M. FRIEDMAN, PC**
Todd M. Friedman, Esq.
(*Pro Hac Vice* Application Forthcoming)
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
tfriedman@toddflaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Richard McKellar, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>AP of South Florida, LLC,<br><br>Defendant. | Case No.: 2:23-cv-20464-MEF-JBC<br><br><u>CIVIL ACTION</u><br><br>**FIRST AMENDED COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Richard McKellar ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant AP of South Florida, LLC ("Defendant"), and allege, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

## <u>INTRODUCTION</u>

1.     Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal

actions of Defendant, in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

2.     Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

## **PARTIES**

3.     Plaintiff is an individual and citizen of New Jersey.

4.     Upon information and belief, Defendant is a foreign corporation with its principal address at 200 Colonial Center Parkway, Lake Mary, Florida 32746.

5.     Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

6.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New Jersey, and within this judicial district.

7.     Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and

scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

9.      The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

11.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

12.      Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment.  The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text

messages, and fax machines.  It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

13.    In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.   Therefore, all pre-recorded telemarketing calls to residential lines and all ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

14.    As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

---

[1]    Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

15.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

16.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

17.     With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015).  "If this one additional call does not yield actual knowledge of reassignment,

we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

18. Finally, the TCPA established the National Do-Not-Call list, as well as the requirement that all businesses that place calls for marketing purposes maintain an "internal" Do-Not-Call list ("IDNC list"). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id.*

19. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6).

20. Any company, or someone on the company's behalf, who calls a member of the company IDNC violates the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

## FACTUAL ALLEGATIONS

21. Plaintiff's cellular telephone number ending in -0947 ("Cell") was added to the National Do-Not-Call Registry in 2004.

22. Nevertheless, over the past several months, Defendant has transmitted dozens and dozens of unsolicited text messages to Plaintiff's Cell, utilizing a short code.

23.    Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

24.    Plaintiff received the telephone solicitations from Defendant within a 12-month period.

25.    The text messages each advertise, in part, certain insurance offerings made by Defendant.

26.    By way of example only, Plaintiff received the text messages below on his Cell that were addressed to a "Phil" regarding Defendant's services.

27.    Plaintiff has never gone by the name "Phil."

28.    Plaintiff is also citizen of New Jersey and thus, he is not interested in insurance offerings for Florida residents.



4:45 · 10%

**97418**

Wednesday • 9:58 AM

Hi Phil, Your requested health coverage is waiting! There's only 3 days left to finalize a healthcare plan for May 1st! Fiorella Insurance is offering affordable Florida Blue plans from as low as $0/mo! Prepare for what life throws at you and call us today before it's too late! 772-223-3384. Reply stop to optout

Thursday • 10:00 AM

Hi Phil, ACT NOW! You have only 2 day left to secure your request for health insurance for May 1st! Anyone may qualify, and the process takes a few minutes; call Fiorella Insurance today! 772-223-3384. Reply stop to opt-out

Friday • 10:34 AM

Hi Phil, URGENT! ONE day left to secure your requested health insurance for May 1st! Anyone may qualify and the process takes a few minutes, call Fiorella Insurance today! 772-223-3384. Reply stop to optout

Yesterday • 9:59 AM

Hi Phil, ACT NOW! Last day to lock in an affordable Florida Blue plan with Fiorella Insurance! Our plans start from as low as $0/mo! Your new policy can be active on May 1st. Call 772-223-3384! Reply stop to opt-out

9:59 AM

Text message

29.    Plaintiff did not provide Defendant with his Cell at any point in time, nor did he give permission for Defendant to message it.

30.    Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

31.    Plaintiff did not have a personal relationship with Defendant at any point in time.

32.    Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to message Plaintiff's personal cellular telephone for marketing or solicitation purposes.

33.    Upon information and belief, Defendant did not make the telephone solicitations in error.

34.    Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

35.    Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

36.    Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing resembles the kind of harm associated with intrusion upon seclusion.

37.    Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Classes defined below.

38.    Defendant's unauthorized telephone calls further harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed his use and enjoyment of his Cell, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

## **LEGAL CLAIMS**

39.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40.    Plaintiff did not provide Defendant prior express written consent to receive calls to her cellular telephone utilizing an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

41.    All phone calls Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

42.     Plaintiff has reason to believe that Defendant has called thousands of wireless telephone customers with prerecorded messages to market its products and services without consent and/or after consumers revoked their consent in a reasonable manner.

43.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited calls to cellular phones and unsolicited marketing calls to phone numbers registered on the DNC.

44.     On behalf of Plaintiff and the Classes, Plaintiff seeks an award of statutory damages to the members of the Classes, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the Classes, which include:

> Do Not Call Registry Class: All persons in the United States who, from four years prior to the filing of this action through the date of class certification, (1) Defendant called more than one time in the aggregate, (2) within any 12-month period, (3) where the person's telephone number had been listed on the national Do Not Call list for at least thirty days, (4) for a substantially similar reason that Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it

supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

<u>Internal Do Not Call Class</u>: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant called more than one time in the aggregate (2) within any 12-month period, (3) for substantially the same reason that Defendant called Plaintiff.

46.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

47.    Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

48.    Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones,

13

whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the Class members were damaged thereby.

49.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records or Defendant's agents' records and the National Do-Not-Call Registry.

50.    There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

51.    Common questions for the Classes include, without limitation:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

b.    Whether Defendant's telephone solicitations were made via text message to cellular telephone numbers;

14

      c.      Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

      d.      Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      e.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

52.    Plaintiff's claims are typical of the claims of the other members of the Class.  Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

53.    Plaintiff will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex class actions.

54.    Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

55.    This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class, and making final injunctive relief appropriate with respect to the Class as a whole.

56.    Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

57.    This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

58.    The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

59.    Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct.

60.    Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

61.    By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227 *et seq.*
### (*On Behalf of Plaintiff and The Do Not Call Registry Class*)

62.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

65.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[2] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

66.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

67.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and members of the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

68.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled to receive no less than $500 in damages for each violation, and up to $1,500 in damages, for each violation.

## COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ
### *(On Behalf of Plaintiff and The Internal Do Not Call Registry Class)*

69.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70.     Under 47 C.F.R. § 64.1200(d): No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who

request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. 64.1200(d)(1)-(6).

71. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

72. Defendant initiated telephone solicitations to Plaintiff and members of the Internal DNC Class notwithstanding Defendant's failure to implement internal procedures for maintaining a list of persons who request not to be called and/or by implementing procedures that do not meet the minimum standards for initiating telemarketing calls.

73.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call class are each entitled to up to $1,500 for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a.     On the First Count for Violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and the Class members: (i) no less than $500 and up to $1500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(c)(5) as a result of Defendant's violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any and all other relief that the Court deems just and proper; and

b.     On the Second Count for Violations of the TCPA, 47 U.S.C. §227(c)(5), Plaintiff seeks for himself and the Class members: (i) no less than $500 and up to $1500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5) as a result of Defendant's violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any and all other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 29, 2023

**KAZEROUNI LAW GROUP, A.P.C.**

By:     _s/ Ross H. Schmierer_
Ross H. Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(T): (732) 588-8688
Fax: (800) 520-5523
ross@kazlg.com

*Attorneys for Plaintiff*

**LAW OFFICES OF TODD M. FRIEDMAN, PC**
Todd M. Friedman, Esq.
(*Pro hac Vice Application Forthcoming*)
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
tfriedman@toddflaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: October 29, 2023

By: <u>*s/ Ross H. Schmierer*</u>
   Ross H. Schmierer, Esq.
   3000 Atrium Way, Suite 200
   Mount Laurel, New Jersey 08054
   (T): (732) 588-8688
   ross@kazlg.com
   *Attorneys for Plaintiff*